IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE ANDREWS, *et. al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> JPA R/E ASSOCIATES, L.P., *et. al.*, <br><br> **Defendants.** | CIVIL ACTION 24-2371 |

**MEMORANDUM OPINION**

Rufe, J.                                                                                                                        July 2, 2025

Plaintiffs filed this lawsuit against Defendants JPA R/E Associates, L.P. ("JPA"), the Estate of Joseph Pezzano ("the Estate"), Bond, Pezzano, & Etze P.C. ("BPE"), Paula Pezzano, and Michele Gibson alleging securities fraud and state law tort claims. All Defendants filed motions to dismiss, which the Court denied. This Opinion concerns the Motion for Reconsideration filed by Defendants Paula Pezzano and the Estate of Joseph Pezzano (collectively, the "Pezzano Defendants"). For the following reasons, the Court will deny the motion.

**I.    BACKGROUND**

The Court assumes familiarity with the Opinion denying the Motions to Dismiss.[1] The Pezzano Defendants moved to dismiss the Complaint under Rule 12(b)(6),[2] which the Plaintiffs opposed. On June 13, 2025, the Court denied all motions after finding that Plaintiffs had sufficiently pled their claims.[3] Less than three business days later, the Pezzano Defendants filed

---

[1] Op. & Or. [Doc. Nos. 33, 34].

[2] Pezzano Defs.' Mot. Dismiss [Doc. No. 12].

[3] Op. & Or. [Doc. Nos. 33, 34].

a Motion for Reconsideration, asking the Court to reconsider its Opinion, rehashing the arguments already raised in their Motion to Dismiss, and asserting that the Court did not address two of their arguments. The Pezzano Defendants cite no case law and provide no reasoning behind their Motion for Reconsideration; instead, they simply attach the memorandum of law previously filed in support of the Motion to Dismiss.

## II.   LEGAL STANDARD

"[M]otions for reconsideration should be granted sparingly."[4] A motion for reconsideration should be granted only where the moving party shows that at least one of the following grounds is present: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[5] Moreover, "[a] motion for reconsideration is not properly grounded on a request that a court consider repetitive arguments that have [been] fully examined by the court."[6]

## III.   DISCUSSION

The Pezzano Defendants ask the Court to reconsider the Opinion denying the Motion to Dismiss, arguing that the Court did not address their arguments in the Opinion. The Pezzano Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The standard for a 12(b)(6) motion is well developed: whether or not the Complaint states a claim upon which relief may be granted. The Court addressed in depth Plaintiffs' claims against the Pezzano Defendants and found that they were properly pled such to survive a motion to dismiss.[7]

---

[4] *Tomasso v. Boeing Co.*, No. 03-4220, 2007 WL 2458557, at *2 (E.D. Pa. Aug. 24, 2007) (citation omitted).

[5] *Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (citation omitted).

[6] *Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc.*, 246 F. Supp. 2d 394, 398 (E.D. Pa. 2002) (citation omitted).

[7] Op. [Doc. No. 33] at 18-22.

In doing so, the Court considered all arguments posed by all Defendants, including the ones now rearticulated by the Pezzano Defendants.

The Pezzano Defendants have not presented the Court with a single ground upon which a motion for reconsideration may be granted: they do not assert that there has been an intervening change in the controlling law; they have shown no new evidence; and they have not pled that an error of law or fact occurred or that manifest injustice will occur.[8] The Court is empowered on this alone to deny the Motion for Reconsideration.[9] For further clarity, however, the Court will again address the two arguments reasserted by the Pezzano Defendants and explain why they fail to defeat the Plaintiffs' Complaint.

### A. Plaintiffs Have Properly Pled a Violation of the Exchange Act

The Pezzano Defendants reassert their argument that the alleged investment "did not constitute securities under the purview of the Exchange Act."[10] The Pezzano Defendants previously argued that because Plaintiffs fail to "plead the existence of a security," Plaintiffs fail to plead a proper claim under Rule 10b-5.[11] In their original Motion to Dismiss, the Pezzano Defendants argued that because "Plaintiffs contend that they were deceived into investing in purported, but non-existent, fixed rate REITs and annuities," and neither a REIT nor an annuity falls under the definition of a security, that Plaintiffs failed to state a claim under 10b-5.[12] They

---

[8] *Howard Hess Dental Labs*, 602 F.3d at 251 (citation omitted).

[9] *Tice v. Wilson*, No. 24-3165, 2025 WL 1527477 (3d Cir. May 29, 2025) (citing *Max's Seafood Café ex. Rel. Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 673 (3d Cir. 1999)).

[10] Mot. Reconsideration [Doc. No. 36] ¶ 3.

[11] Pezzano Defs.' Mem. Supp. Mot. Dismiss [Doc. No. 12-3] at 9-11.

[12] *Id.* at 11.

3

further asserted that "according to the allegations of Plaintiffs' Complaint no security ever existed," and, therefore, no violation of the Exchange Act occurred.[13]

The Court has already articulated its reasoning in finding that the Plaintiffs have independently satisfied each element under Rule 10b-5 and have properly pled a violation of the Exchange Act, against all Defendants, including the Estate of Joseph Pezzano.[14] As the Court explained in its Opinion denying the Motions to Dismiss:

> Plaintiffs have properly met the pleading standards for a count against the Estate under Rule 10b-5. First, Plaintiffs plead numerous misrepresentations, including misrepresentations that Mr. Pezzano was a legitimate securities broker and investment adviser; JPA was a limited partnership comprised of multiple financial and investment professionals and investors; JPA offered legitimate investments; Mr. Pezzano actually invested the Plaintiffs' funds in legitimate investments and accounts; and that Plaintiffs received returns on their purported investments on which they paid taxes.
>
> Plaintiffs next properly plead the second element, scienter, by asserting that "Pezzano intentionally and/or recklessly employed these multiple devices, schemes, and artifices to defraud for the purpose of convincing each of the [Plaintiffs] to entrust their life savings and retirement funds to him and enable him to use the [Plaintiffs'] money for his own benefit, use, and enjoyment and/or for the benefit, use, and enjoyment of his friends, family, and accomplices."
>
> For the third element, Plaintiffs pled a connection between Mr. Pezzano's misrepresentations and their purchase of securities because they asserted that had they known of the true nature of Mr. Pezzano's misrepresentations, they would not have agreed to invest their money with Pezzano. This allegation also establishes the fourth element, that Plaintiffs relied on Mr. Pezzano's misrepresentations, required under Rule 10b-5. Thus, Plaintiffs have satisfied the third and fourth element required to state a claim under Rule 10b-5.
>
> Plaintiffs have properly pled the fifth element, economic loss, by asserting that as a direct and proximate result of Mr. Pezzano's alleged fraud, the Plaintiffs collectively sustained losses in excess of $18.5 million. Finally, the sixth element, loss causation, is established through Plaintiffs' factual allegations detailing individual Plaintiffs' transfer of funds to Mr. Pezzano based on BPE employees' misrepresentations—funds which were not invested and are now missing and

---

[13] *Id.*

[14] Op. [Doc. No. 33] at 7-10, 19-20.

unaccounted for. As all six elements of Count One have been met, the Court declines to dismiss the claim against the Estate.[15]

Perhaps the Pezzano Defendants mistake the Court not restating the applicable law for commingling arguments. The Pezzano Defendants' failure to read and appreciate the Court's thorough analysis, however, is not grounds for reconsideration. The Court has already determined that Plaintiffs have adequately alleged the facts necessary to state a claim under 10b-5 as to the Pezzano Defendants specifically and will not disturb that decision now.

The Pezzano Defendants cite no case law and provide scant reasoning behind their assertions why Plaintiffs' allegations do not show that the alleged investments made by Joseph Pezzano fall within the definition of a security.[16] The securities laws encompass several categories and definitions, and do not necessarily enumerate specifically all types of investments that might be covered by the laws.[17] Plaintiffs have sufficiently pled that material misstatements were made in connection with the purchase of a security, and the precise name of the purported funds does not change that.

The Pezzano Defendants also cite no case law to support their proposition that because Plaintiffs allege that the funds sold to the Plaintiffs in order to obtain their retirement and pension funds were non-existent, no violation of the securities laws occurred.[18] This argument is, at best, intellectually dishonest. A customer's "legitimate expectations," especially those based on written confirmations of transactions, can create a claim for securities violations.[19] Plaintiffs here

---

[15] Mem. Op. at 18-20 (citations omitted).

[16] *See* Pezzano Defs.' Mem. Supp. Mot. Dismiss [Doc. No. 12-3] at 11.

[17] *SEC v. Edwards*, 540 U.S. 389, 393 (2004) ("Congress' purpose in enacting the securities laws was to regulate *investments*, in whatever form they are made and by whatever name they are called. To that end, it enacted a broad definition of security, sufficient to encompass virtually any instrument that might be sold as an investment.") (internal quotation marks and citation omitted).

[18] Pezzano Defs.' Mem. Supp. Mot. Dismiss [Doc. No.12-3] at 11.

[19] *In re New Times Securities Services*, 371 F.3d 68, 86 (2d Cir. 2006).

have clearly alleged that they were fraudulently misled to invest in securities funds, to such a degree that they received confirmations and account statements with the JPA header on it showing the interest made on their investments.[20] Plaintiffs have alleged that their retirement and pension funds were essentially taken from them under the guise of investing the funds in securities. If the Court were to take the Pezzano Defendants' argument seriously—that because these funds were fictitious and Plaintiffs' money was never invested, Plaintiffs cannot make a claim under the securities laws—it would produce an absurd result. The Court did not entertain this argument in the first Opinion denying the Motion to Dismiss, and the Pezzano Defendants have shown no good reason as to why the Court should reconsider it now.

### B. Plaintiffs' Claims are not Time-Barred

The Pezzano Defendants additionally reassert their argument that six Plaintiffs should have their claims dismissed as time-barred under 28 U.S.C. § 1658(b).[21] Claims brought under the securities laws must be brought within a two-year statute of limitations or a five-year statute of repose, whichever is the earliest date.[22] The statute reads:

> A private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws…may be brought not later than the earlier of (1) 2 years after the discovery of the facts constituting the violation; or (2) 5 years after such violation.[23]

To comply with the statute of limitations, a plaintiff must file within two years after discovering the alleged violation. To comply with the statute of repose, a plaintiff must file within five years of the defendant's last violation of the securities laws.[24]

---

[20] Compl. [Doc. No. 1] ¶¶ 44-46.

[21] Mot. Reconsideration [Doc. No. 36] ¶ 4.

[22] 28 U.S.C. § 1658(b).

[23] *Id.*

[24] *See Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 582 U.S. 497, 505 (2017).

Plaintiffs discovered the fraud on December 25, 2023, and allege an ongoing scheme of fraudulent acts, including monthly statements to all Plaintiffs, showing that their investments were growing at the promised rates of return when in reality, the money was never invested. All six Plaintiffs that the Pezzano Defendants argue should have their claims dismissed allege misrepresentations of investments, including these monthly statements or meetings, and the preparation of tax returns, continuing throughout 2023.[25] As such, the earlier of the time constraints is the statute of limitations, and Plaintiffs were required to file on or before December 25, 2025. Plaintiffs have complied with the relevant time restrictions to satisfy the statute of limitations. The Pezzano Defendants' argument was unconvincing in its first instance, and the Pezzano Defendants have asserted no new reason as to why the Court should reconsider it now.

Accordingly, the Court will deny the motion for reconsideration as to all arguments.

IV.    CONCLUSION

For the aforementioned reasons, the Pezzano Defendants' motion will be denied. An order will be entered.

---

[25] Compl. ¶¶ 93, 99, 106, 108, 114, 131.